## Nave and Others *v.* King.

County Commissioners.—Allowances.—Section 24 of the act providing for the organization of county boards relates only to allowances made to persons in whose favor a liability exists against the county, and does not apply to appropriations for bounties to volunteers.

County Orders.—Revenue Stamp.—County orders are official instruments, and are not subject to any stamp duty.

Bounties to Soldiers.—Assessments to Pay Bonds.—Section 2 of the act of *March* 3, 1865, legalizing appropriations which had been made by counties, &c., for bounties, was not intended to limit the amount of the assessment to pay such appropriations, in any one year, to one-fourth of the amount thereof.

Practice.—Demurrer.—Where a demurrer assigning several causes is sustained, the court cannot be required to specify the ground on which its action is based.

APPEAL from the *Fountain* Circuit Court.

Frazer, J.—Suit by *John Nave, Zechariah Pyle, Octavius A. Crowley* and *William D. Parrott,* for themselves and all those who are named in a schedule annexed to the com-

plaint, as also all soldiers who had served in the *United States* military or naval service, as also the families of those who had died in the service, or since they had been discharged, who were residents and citizens of *Fountain* county, State of *Indiana*, too numerous to name, against *James King*, treasurer of said county, to enjoin the collection of a tax assessed for the purpose of paying certain obligations of the county, for and on account of an appropriation made by the county commissioners, on the 14th of *February*, 1865, and modified on the 16th of the same month.   The order is as follows:  "It is ordered by the board that each person received and mustered into the *United States* service, as a volunteer or drafted man, on the quota of *Fountain* county, under the call of the President for 300,000 men, and each person who shall furnish a substitute, who shall be received and mustered into the. service of the *United States* on said quota, be, and they are hereby, allowed and entitled to receive a bounty of four hundred dollars, payable out of the county treasury; and the county auditor is hereby authorized and directed, on presentation of the certificate of the mustering officer, to draw on the county treasurer, in favor of the person entitled thereto, for said amount of bounty, in two orders, of two hundred dollars each, payable, one in six and one in twelve months from the date of issue.   And it is further ordered that the sum of one hundred and sixty-seven thousand and two hundred dollars be, and the same is hereby, appropriated out of the county treasury for the payment of said bounties."

The modification is as follows:  "It is ordered by the board that the following named persons be, and they are hereby, appointed as agents for the county, in their respective townships, to receive the county orders to be issued as bounties to volunteers, substitutes and drafted men, on the quotas of the several townships in *Fountain* county, under the late call of the President for 300,000 men, in pursuance of the appropriation made by this board in special session, *February* 14, 1865, to-wit:"   (Here follow the names of

persons for each township.) "And it is further ordered, that said agents, or so. many of them as may accept of the appointment, are to receive no pay or compensation from the county treasury for their services and expenses as such agents, but only such compensation as may be paid them by their respective townships, or the citizens thereof. Ordered by the board, that the county auditor, in issuing the county orders for bounties to volunteers, &c., in pursuance of the appropriation for that purpose made by this board in special session, *February* 14, 1865, be, and he is hereby, authorized and directed to issue the same in the name of the respective agents for the several townships, or bearer, and deliver on demand such amount of said orders to each of said agents as their respective townships are entitled to receive on the quota of the township, at the rate of four hundred dollars to each man assigned as the quota of the township; said agents to secure and report to the county auditor the certificate of the proper officer that one man has been mustered into the *United States* service on the quota of his township, for each amount of four hundred dollars of orders received, or return the same to the county auditor.   And it is further ordered, that said agents, before receiving said county orders, file bond with the county auditor, in twice the amount of the orders received, conditioned for the faithful application of said county orders to the purpose for which the appropriation was made; and in case of the failure or refusal of any of said agents to serve, then, and in that case, the county auditor is authorized to issue and deliver said orders to any respectable citizen of the township, for the purposes aforesaid, upon his filing bond, as required of said agents.   And it is further ordered, that so much of an order of this board, passed in special session *February* 14, 1865, as required said orders to be issued in the name of the person mustered into service, and on the certificate of the mustering officer, be, and the same is hereby, rescinded.   It is ordered by the board that the

orders to be issued for bounties to volunteers, &c., in pursuance of an order of this board, on this day, shall bear interest at the rate of six per cent., from the date of issue until paid, and, when desired, the four hundred dollars bounty may be issued in three orders, one for two hundred, and two for one hundred dollars each."

The complaint avers that county orders, to the amount contemplated, were issued and distributed to the several townships, as provided in these orders; that they were issued without any revenue stamp whatever; that the agents contracted and sold the orders at fifty cents, and less, on the dollar; that the assessment complained of is too large; that the taxable property of the county, both real and personal, for the year 1865, is $6,979,335; that the assessment will raise $139,586 70, which is in excess of one-fourth of the appropriation.

The appellee demurred to the complaint, assigning for cause: 1. That the court had no jurisdiction of the subject of the action. 2. That there was a defect of parties plaintiff. 3. That the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and rendered final judgment thereon, and this is the alleged error complained of in this court.

It is urged that these orders were issued in violation of section 24 of the act providing for the organization of county boards, and prescribing some of their powers and duties. 1 G. & H. 252. But if this was so, we do not see why it was not competent for the legislature to legalize the action of the commissioners. These orders were issued without authority of law, and but for the act of *March* 3, 1865, would be void. The section referred to, however, does not apply to appropriations of the kind under consideration, but only to allowances made to persons in whose favor there exists a liability against the county.

It is claimed that the county orders are void, because they were issued without a revenue stamp. It never was claimed by the government that such orders were embraced

in any revenue law of Congress, and by the act of *July* 13, 1866, it is expressly provided "that all official instruments, documents, and papers issued by the officers of the *United States* government, or· by the officers of any state, county, town, or other municipal corporation, shall be, and hereby are, exempt from taxation: *Provided,* that it is the intent hereby to exempt from liability to taxation such state, county, town, or other municipal corporation, in the exercise only of functions strictly belonging to them in their ordinary governmental and municipal capacity." Acts 1st Sess. 39th Cong, 147. The orders in question have no validity, except such as is given them by the legalizing act of *March* 3, 1865. By that act they are made official instruments of the county, and are therefore exempt from taxation under the revenue law of the *United States.*

It is claimed that the assessment sought to be enjoined is greater than the law authorizes, and is therefore void. By the act of *March* 3, 1865, it is provided "that any levy and assessment for taxes, made· by any incorporated city or town, or board of county commissioners of any county of this State, to procure means to pay any appropriations by them made, or bonds and orders issued for the purposes in the foregoing section enumerated, be, and the same are hereby, legalized: *Provided,* that the boards of commissioners of such counties, and the municipal authorities of such cities and towns, as may have issued bonds or orders, or made appropriations, for the purposes enumerated in the first section of this act, be, and they are hereby, required to levy and collect a tax sufficient to pay at least one-fourth of the amount of such bonds, orders and appropriations, in each of the years 1865, 1866, 1867 and 1868, which said taxes shall be levied and collected as other county taxes are levied and collected, and when so collected shall be applied to the payment of such bonds, orders and appropriations, in equal proportion to the amount of such bonds, orders and appropriations." Acts 1865, § 2, p. 126. It is claimed, under this proviso, that there must be an assessment in each

of the years named, and that the words "at least one-fourth," mean an approximation, and do not imply that an amount greatly beyond that sum may be assessed in any one of the years named.

In *The People* v. *Allen*, 6 Wend. 486, the court, as we think, correctly laid down the general rule to be, that where the statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of time was intended as a limitation of the power of the officer.

In the case in judgment, the proviso to the second section is not a limitation of power. The section itself legalized all prior assessments made, without regard to their extent, and then imposed a duty on the county commissioners to make an assessment of at least one-fourth of the amount required in each of the years named. Suppose the county commissioners omit this duty, can they not be compelled by means of a mandate to do the act, after the expiration of the time limited? The orders issued by the county in the case at bar were made payable at six and twelve months. Was it the intention of the legislature, in the legalizing act, to deprive the county of the power of meeting its obligations when due? The act of the county was legalized; it became liable to be sued. Would any court hesitate to enforce a judgment against the county by compelling the commissioners to make an assessment sufficient to meet its obligations? The orders of the board of commissioners, under which the liability in question was incurred, must speak for themselves. The motives of the commissioners cannot be inquired into. If the orders of the board of commissioners were legalized, and the obligations in question were incurred thereunder, and in pursuance thereof, then the county is bound. As we think the complaint does not state facts sufficient, the question made as to parties becomes immaterial.

There are many points argued in the brief of the appellants, but as they have all been met and answered by this court in the cases of *Coffman.* v. *Keightly,* 24 Ind. 509, *Oliver* v. *Keightley, id.* 514, *The Board of Commissioners, &c.,* v. *Bearss,* 25 *id.* 110, and *King* v. *Course et al., id.* 202, we deem it unnecessary to go over the same ground in this opinion. We adhere to the rulings in those cases.

We think the court below committed no error in sustaining the demurrer to the complaint.

There is an objection made to the form of the judgment. It is claimed that the court below, on being asked by the appellant so to do, ought to have specified the ground on which the demurrer was sustained, as there were three distinct causes of demurrer assigned. There is nothing in the code requiring this, and we know of no rule of law imposing such a duty on the court.

The judgment is affirmed, with costs.

*J. Buchanan,* for appellants.

*T. F. Davidson,* for appellee.