## HAMILTON v. CITY OF INDIANAPOLIS

[No. 17,464. Filed January 11, 1946.]

*Rochford & Rochford,* of Indianapolis, for appellant.

*Arch N. Bobbitt,* Corporation Counsel of Indianapolis, and *Henry B. Krug,* City Attorney, of Indianapolis, for appellee.

CRUMPACKER, J.—Prior to the 8th day of April, 1941, the appellant was a member of the police department of the appellee, City of Indianapolis, and had held such

position for more than 11 years. On said date he was dismissed from the service by the Board of Safety after a hearing on charges theretofore preferred against him by the chief of the police department. The appellant thereupon filed a verified complaint in the Marion Superior Court pursuant to § 48-6105, Burns' 1933 (Supp.), wherein he named the appellee as the sole defendant and charged that his dismissal by the Board of Safety was fraudulent, capricious and illegal and prayed his reinstatement. Summons was issued on this complaint but the appellee, notwithstanding the provisions of § 48-6105, *supra,* failed to file in said court a transcript of all papers and entries and other parts of the record relating to the matter within 10 days after the service of such summons. Contending that such failure was fatal to the appellee's right to defend the appellant moved for judgment as prayed for in his complaint. This motion was overruled and the case was tried *de novo* to the court upon the general issue interposed by the statute in the absence of pleadings by the appellees. Section 48-6105, *supra.* The court found that the decision of the Board of Safety should in all things be affirmed and entered judgment accordingly. After the appellant's petition for a rehearing was overruled he perfected this appeal which presents for consideration the following questions: (1) Did the court err in overruling the appellant's motion for judgment on the complaint because of the appellee's failure to file a transcript of the record within the time required by the statute? (2) Is the evidence sufficient to sustain the court's decision? (3) Is such decision contrary to law?

Section 48-6105, *supra,* after specifying grounds for the removal of police officers, setting up a procedure therefor and providing for an appeal from the decision of the Board of Safety by filing a complaint in the ap-

propriate circuit or superior court, further provides as follows: "Within ten (10) days after the service of a summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case, and inspection thereof by the person affected, or by his or her agent, shall be permitted by the board before such appeal is filed, where so requested."

The appellant's complaint was filed in the Marion Superior Court on May 5, 1941, and summons was issued and served upon the appellee the same day. The Board of Safety, however, did not file the transcript required by the statute above quoted until September 5, 1944. Trial was commenced on the 16th day of January, 1945. Did the Board of Safety's dereliction in its duty to file the transcript within the time required by the statute entitle the appellant to judgment on his verified complaint? We think not. The record fails to show, nor does the appellant indicate, in what respect his rights on appeal were prejudiced by the delay. He was in possession of all the facts necessary to prepare and file his appeal in the Marion Superior Court. He had access to the transcript from September 5, 1944, to January 16, 1945, during which time he could examine the same for any purpose necessary to the full and complete presentation of his case to the court. The trial was *de novo* and he had full opportunity, of which he availed himself, to introduce the testimony of his own witnesses and to cross-examine those who testified against him. The court's decision was based on the evidence it heard and not on the transcript of the proceedings before the Board of Safety.

We are aware of and recognize the rule that statutory boards or officers, acting under statutes prescribing

their duties and conferring powers upon them, ▮▮▮ must adopt and follow the method prescribed by the statute. *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 48 N. E. (2d) 649; *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. (2d) 812; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. (2d) 416. The record in this case shows a strict compliance with statutory procedure from the time the charges against the appellant were filed up to and including the decision of the Board of Safety dismissing him from the service of the police department. At this point the appellant became the moving party or aggressor, and it does not seem essential to the protection of his rights that the provision of the statute in reference to the time within which a transcript should be filed by the board need be strictly complied with, provided such transcript is in fact filed in time to be of service to the parties in the presentation and trial of the case *de novo* in the court to which it is appealed. In *Jones* v. *Swift, Executor* (1884), 94 Ind. 516, 523, the court quotes with approval the following statement of principle found in Sedgwick on Statutory and Constitutional Law, p. 316: "When statutes direct certain proceedings to be done in a certain way or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind, the proceedings are held valid, though the command of the statute is disregarded or disobeyed. In these cases, by a somewhat singular use of language, the statute is said to be directory." In *Custer* v. *Holler* (1903), 160 Ind. 505, 507, 67 N. E. 228, the court said: "when a statute fixes the time for the performance of an official act that affects the rights and duties of others, without words of limitation upon the right or power of the officer to perform the act at some other time, the time

so fixed will be regarded as directory, and not as essential to the validity of the proceedings." See also *Nave and Others* v. *King* (1866), 27 Ind. 356; *Gallup, Exr.* v. *Schmidt, Treas.* (1900), 154 Ind. 196, 56 N. E. 443; *Landes* v. *State ex rel.* (1903), 160 Ind. 479, 67 N E. 189. It is our opinion that the provision of the statute here involved requiring the board to file a transcript of its proceedings in the court to which the case has been appealed within 10 days after service of summons is directory merely and, under the circumstances disclosed by the record in this case, no error can be predicated upon the court's refusal to enter judgment for the appellant because of a failure to comply strictly therewith.

In his brief the appellant has treated the assignments (1) that the decision of the court is not sustained by sufficient evidence, and (2) that such decision is contrary to law, as one proposition. The burden of his contention in this regard seems to be that the decision of the Board of Safety was prompted by private information and pressure and is not based upon the evidence adduced in his presence during the hearing of his case before said board. Whether such is the fact was a question exclusively for the Marion Superior Court to determine according to where it found the preponderance of the evidence on the subject to lie. We have examined the record and find ample evidence to support the trial court in its conclusion that the appellant's hearing before the Board of Safety was free from any such improper consideration as would vitiate the decision of said board.

Judgment affirmed.

Note.—Reported in 64 N. E. (2d) 303.