## CITY OF GARY *v.* YAKSICH

[No. 18,016.   Filed February 27, 1950.]

122

*Samuel S. Dubin,* of Gary, for appellant.

*M. M. Holovachka,* of Gary, for appellee.

WILTROUT, J.—The Police Civil Service Commission of the City of Gary, after trial, found the appellee guilty of conduct unbecoming an officer and of soliciting a bribe, and dismissed him from the police department.

The appellee thereupon instituted this action to review the action of the civil service commission under the provisions of § 48-6105, Burns' 1950 Replacement.

Thereafter, the commission filed in court a transcript entitled "Transcript of proceedings had before the Police Civil Service Commission of the City of Gary, Indiana, on the 9th day of December, 1948." In the body of this transcript reference is made to an appearance of appellee before the commission at its meeting of December 1, 1948, although the transcript does not include any minutes of the latter meeting.

A pre-trial conference was had, and an order book entry made, reading, in part, as follows:

> "Come now the parties by counsel. Pre-trial conference had and concluded and it is now agreed by and between the parties that the attorneys for the plaintiff and defendant are to submit briefs to the court upon the proposition of whether or not the proper legal steps were taken by the commission prior to entering upon a trial of the plaintiff. In

the event the court finds that the proper legal steps were not taken by the commission, then the court shall enter an order according to law. In the event the court shall find that the proper legal steps were taken, then a determination should be had as to whether or not, from the examination of the transcript the commission acted 'capriciously with bias and prejudice or said ruling was arbitrary or unreasonable.' "

On June 18, 1949, the following order book entry was made:

"The court having had this matter under advisement, by agreement of the parties, the court now finds for the plaintiff on proposition No. 1 of the agreement to the effect that 'In the event the court finds that the proper legal steps were not taken by the commission then the court shall enter an order according to law', and finds that there is no evidence in the transcript that plaintiff was dismissed, suspended or punished 'Upon charges filed.'

"The parties are given five days in which to submit a proper form of order for entry herein."

A form of order was presented to the court, and the court set the cause for formal hearing for June 23, 1949. On that date, the appellant filed its motion alleging that the transcript theretofore filed by the commission is not complete in that it does not show the proceedings had before the commission on December 1, 1948, and does not contain miscellaneous original documents in connection with said matter; that said documents and record of proceedings are a necessary part of the record in this cause; and asking the court for leave to file said transcript and documents. This motion was overruled.

The order book entry then reads as follows:

"Come now the parties by counsel, and this cause being at issue is submitted to the court for trial without intervention of a jury, and the court

having studied the transcript of the hearing before the Civil Service Commission of the Gary Police Department filed herein pursuant to the statute and after hearing the argument of counsel and being duly advised in the premises, finds for the plaintiff, and that the allegations of plaintiff's complaint are true.

"Court further finds that the transcript of proceedings had before the Police Civil Service Commission had been filed in compliance with the statute, and after the examination of the transcript, pleadings and hearing of the argument by counsel, court finds that there is no evidence in the transcript that the plaintiff was dismissed, suspended or punished 'Upon Charges Filed'.

"The court further finds that at no time were there any charges filed before the Police Civil Service Commission against the plaintiff in this cause charging him with the violation of any rules or regulations of said commission as prescribed and required by statute.

"The court further finds that the finding of the Police Civil Service Commission be reversed and that said plaintiff be reinstated to his position as a patrolman of the Police Department of the City of Gary as of the date of his dismissal ... "

Judgment was entered in accordance with the finding, and this appeal followed.

The principal question presented here is whether the court should have permitted the filing of the rest of the transcript of entries and papers after attention was called to the incompleteness of the transcript filed.

Section 48-6105, Burns' 1950 Replacement, provides: "Within ten (10) days after the service of summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case . . ."

We heretofore considered one aspect of this statute in *Hamilton* v. *City of Indianapolis* (1946), 116 Ind.

App. 342, 64 N. E. 2d 303, and there held that the provision requiring a filing within ten days after service of summons was merely directory insofar as the time of filing was concerned, and that it was not error to refuse to enter judgment against a city because of a failure to comply with the ten day provision.

Appellee's position in this case is that the word "shall" in the above-quoted statute is directory and not mandatory. He also suggests that the balance of the record sought to be filed was at all times in the city's possession; that the failure to file was due to the negligence or lack of diligence of appellant in proceeding to the point it did before attempting to complete the record; that by the stipulation the court was limited to the transcript as filed; that the certificate to the transcript that it "contains all the proceedings had in the above matter" imports absolute, unquestionable verity; that the motion for leave to file the rest of the transcript was an attempt to amend and add to the pleadings after the case had been decided; that appellant's remedy was to file a motion in arrest of judgment and not a motion to complete the transcript.

> "As a general rule of statutory interpretation the presumption is that the word 'shall', as used in any given law, is to be construed in an imperative sense, rather than directory, and this presumption will control unless it appears clearly from the context or from the manifest purpose of the act as a whole that the legislature intended in the particular instance that a different construction should be given to the word."

State, ex rel. v. Meeker (1914), 182 Ind. 240, 105 N. E. 906; State ex rel. v. Superior Court of Madison County (1940), 216 Ind. 641, 25 N. E. 2d 642. We

conclude that that part of the statute which provides that the board (or commission) "*shall* file in said court a full, true and complete transcript" makes it mandatory that such a transcript be filed.

We do not construe the stipulation made herein as preventing the filing of a complete transcript, nor, in view of the title and content of the transcript can we say that the certificate imports that it is a complete transcript.

The motion for leave to complete the transcript was not an attempt to amend or add to the pleadings. The transcript was not a pleading. Burns' 1946 Replacement, § 2-1001.

Neither can we agree that appellant's remedy was a motion in arrest of judgment, rather than the motion filed. Gavit, *Indiana Pleading & Practice,* §§ 165, pp. 418, 434.

It may be that appellant should have been more diligent in discovering the incompleteness of the transcript and in attempting to have it filed. Nevertheless, it was offered before the case was formally submitted to the court for trial, and in time for consideration before the entry of judgment.

In proceedings for the removal or discharge of a policeman the protection of the public is a matter of paramount importance, exceeding perhaps the individual interests of the policeman concerned. 62 C. J. S., Municipal Corporations, § 577, p. 1119. The court should have permitted the filing of a complete transcript.

Judgment reversed, with instructions to grant appellant's petition for rehearing, and to grant appellant's motion for leave to file balance of record and complete transcript, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 90 N. E. 2d 509.