TRYON *v.* CITY OF TERRE HAUTE.

[No. 19,914. Filed October 29, 1963. Rehearing denied January 30, 1964. Transfer denied May 8, 1964.]

*Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellant.

*N. George Nasser,* of Terre Haute, for appellee.

COOPER, J.—This matter comes to us from the Superior Court Number Two in Vigo County, Indiana, wherein the said Court sustained a decision of the Board of Public Works and Safety of the City of Terre Haute, Indiana, and who, after notice and hearing, suspended, without pay, a City Detective for a period of six months, and also reduced him in rank to the rank of patrolman.

The record now before us indicates that the appellant, Raymond L. Tryon, was a duly-appointed mem-

ber of the Police Department of the City of Terre Haute and was on January 11, 1962, on active duty as a detective of said Department, and that on said date, he was indefinitely suspended from duty, without pay and without any charges pending against him.

The record reveals that the action was taken by the Superintendent of Police and was approved by a resolution of the Board of Public Works and Safety.

It appears that on the 13th day of February, 1962, the Board of Public Works and Safety caused to be served upon the appellant certain averred charges of alleged misconduct and also a notice of a hearing on said charges, and that later, on the 15th day of February, 1962, an amended notice of hearing before the Board was served upon the appellant, which pertinent parts of said amended notice and charges read as follow:

"AMENDED

"NOTICE OF HEARING BEFORE THE BOARD OF PUBLIC WORKS AND SAFETY, CITY OF TERRE HAUTE, INDIANA, OF CHARGES PRE-FERRED AGAINST DETECTIVE RAYMOND TRYON BY THE POLICE DEPARTMENT, CITY OF TERRE HAUTE, INDIANA.

"You are hereby notified that the Board of Public Works and Safety, City of Terre Haute, Indiana, will meet to consider charges filed against you by the Police Department, City of Terre Haute, Indiana, alleging violations by you of the following Rules and Regulations of the Police Department, City of Terre Haute, Indiana:

"*Rule #4:* Proper discharge of duty.

"*Rule #9:* Enforcement of Law.

(The foregoing alleged violations involve 1. Recommending to your superior officer the release from custody of an admittedly guilty burgular and safecracker, and 2., advising a sus-

pect in a theft case of the forthcoming search of his premises by another member of the Terre Haute Police Dept.)

*"Rule 27:* Loaning money to Prisoners.

"You have also been charged by the Police Department City of Terre Haute, Indiana, with conduct unbecoming an officer and conduct injurious to the public peace and welfare. These charges, brought pursuant to the provisions of Burns' Indiana Statutes Annotated, (1933) (1950 Replacement) 48-6105, involve your association with known criminals and your demand for and receipt of 'hush money' from persons known by you to have been *guility* of crime.

"All of the foregoing alleged violations occurred on or about August 4, 5 and 6, 1961, excepting the violation of Rule #9, involving advise to a suspect in theft case of a forthcoming search of his premises, which allegedly occurred on or about February 11, 1960.

"You are further notified that the Board of Public Works and Safety will meet and hold a hearing upon these charges at 10:00 A.M., C.S.T., February 23, 1962, at Room #218, City Hall, Terre Haute, Indiana; that you have the right to be present in person and/or by attorney, to examine and cross-examine witnesses and to offer any evidence you may have in defense of these charges."

Further, the record reveals that on February 23, 1962, at the time and place of the scheduled hearing, the appellant appeared, with counsel, and prior to the commencement of said hearing, filed lengthy, written objections to said hearing, averring in substance that said charges were wholly insufficient to enable him to determine the accusations against him with sufficient clarity to enable him to defend himself and that he was unable to discover the exact nature of the charges.

It further appears that the Board of Public Works and Safety overruled said objections and proceeded with the hearing. Thereafter, on the 19th day of April, 1962, the Board of Public Works and Safety rendered a decision on said charges, which decision was as follows:

"CITY OF TERRE HAUTE, INDIANA
"BOARD OF PUBLIC WORKS AND SAFETY

"RE: Findings of the Board:

"Charges against Detective Raymond L. Tryon
"The Board met to conduct a public hearing on charges against Detective Raymond L. Tryon, as follows:

RULES AND REGULATIONS OF THE POLICE DEPARTMENT CITY OF TERRE HAUTE, INDIANA:

1. *Violation of Rule No. Four:* Proper Discharge of Duty.

2. *Violation of Rule No. Nine:* Enforcement of Law. The foregoing violations involved

    (a) recommending to his superior officer the release from custody of an admittedly guilty burglar and safe cracker, and

    (b) advising a suspect in a theft case of the forth coming search of his premises by another member of the Terre Haute Police Department.

3. *Violation of Rule No. Twenty-Seven:* Loaning money to prisoners.

4. *Offenses under the provisions of Burns' Indiana Statutes Annotated (1933) (1950 Replacement) 48-6105:*

Conduct unbecoming an officer and conduct injurious to the public peace and welfare. The foregoing violations involve:

(a) Association with known criminals, and

(b) demand for and receipt of 'hush money' from persons known by him to be guilty of crime.

"Each of the foregoing offenses were allegedly committed by Detective Tryon on or about August 4, 5, and 6, 1961, excepting the violation of Rule No. Nine, Rules and Regulations of the Police Department, City of Terre Haute, Indiana, which was allegedly committed by Detective Tryon on or about February 11, 1960.

"The hearing was conducted on February 23, 24, March 12, 13, 14 and 15, 1962, during which proceedings witnesses were sworn and testified, and other evidence was introduced in support of and in defense of said charges.

"The Board now, after having heard all of the evidence produced in said hearing and after having reviewed the transcript containing all of the evidence introduced in said hearing, FINDS Detective Raymond L. Tryon:

"1. GUILTY as alleged of the violation of Rules No. Four and No. Nine, Rules and Regulations of the Police Department, City of Terre Haute, Indiana, in that Detective Tryon, on August 4, 1961, recommended to his superior officer the release from custody of suspect John Wesley Smith, after the said Smith had admitted his guilt to Detective Tryon of the burglary and safecracking of Riverside Auto Wrecking Company, Terre Haute, Indiana, which occurred August 2, 1961.

"2. NOT GUILTY of all other alleged violations of the Rules and Regulations of the Police Department, City of Terre Haute, Indiana.

"3. NOT GUILTY of the offenses charged under the provisions of Burns' Indiana Statutes Annotated, (1933) (1950 Replacement) 48-6105.

"The Board now orders that Detective Raymond L. Tryon be suspended from duty, without pay, for the period of six (6) months from and after January 11, 1962, and that he be reduced to the rank of patrolman, effective January 11, 1962.

BOARD OF PUBLIC WORKS AND SAFETY
CITY OF TERRE HAUTE, INDIANA
(S) Raymond F. Thomas
    President
(S) Raymond P. Harris
(S) Frank P. Crawford
    DATED: April 19, 1962
ATTEST
(S) Frank P. Crawford
    Secretary"

Thereafter, the appellant took an appeal to the Superior Court No. Two of Vigo County where the matter was reviewed and the trial court, after examining the transcript of the proceedings in the matter of the charges filed before the Board of Public Works and Safety against the appellant, Raymond L. Tryon, found, in substance, that said appellant was duly notified and hearing was had in accordance with said notice and thereafter adjudged that the action and finding of the Board of Public Works and Safety of the City of Terre Haute, Indiana, in suspending the appellant from said Police Department of the City of Terre Haute on April 19, 1962, was done in compliance with the statutes applicable thereto, and said action and finding was sustained with costs taxed to appellant, and thereafter this appeal followed.

The appellant in his Assignment of Errors avers six errors, among which they question the sufficiency of the charges upon which the original hearing was held.

In reviewing the applicable statutes, it is apparent the legislature intended to protect our policemen and firemen by tenure by enacting a special statute. See §48-6105, Burns' Ind. Stat. Our courts have repeatedly held in interpreting such statutes

that it was the intention of the legislature that policemen hold their positions during good behavior and satisfactory performance of their duties. See *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596; *Roth* v. *State ex rel.* (1902), 158 Ind. 242, 63 N. E. 460; *Shira* v. *State ex rel.* (1918), 187 Ind. 441, 119 N. E. 833.

We find the general rule well stated in the case of *State ex rel. Felthoff* v. *Richards, supra,* at 641, wherein our Supreme Court stated:

"The General Assembly has recognized the sound public policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties. In order to protect this tenure of position the General Assembly has provided for a hearing on proper notice for a policeman or fireman under charges. *The hearing required by law is a fair hearing, one conducted in good faith and dominated solely by a desire to determine the fitness of the person under charges. Further, the notice must apprise the accused of the acts of dereliction or personal defects which constitute the 'cause.' The purpose of the notice is not merely to inform of the time and place of the proposed hearing, but also to disclose the particular act or acts of delinquency or the particular defect constituting incompetency. If the relator was dismissed without 'cause' or if he was dismissed without a fair hearing, then his dismissal was illegal;* ... (Our emphasis)

In a well-reasoned opinion, our Supreme Court has held that the applicable statutes are both remedial and penal and are in the nature of a civil action. See, *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544.

The statutes being penal and remedial, it is fundamental that the charges preferred in such case must be full, clear, complete and concise in order that he can properly make a defense to said charges.

General averments, such as we find in this cause, are not, in our opinion, sufficient. The law requires more than a mere formality in averring the charges or in the hearing before the board.

In the recent case of *City of Washington* v. *Boger* (1961) 132 Ind. App. 192, at 204-205, 176 N. E. 2d 484, this court stated:

> "It is only within the dictates of fairness and justice that a fireman or policeman, whose livelihood and reputation are at stake because of charges preferred against him should know with clearness and certainty what he is charged with so that he can make his defense with knowledge and ability. Any charge must contain the essential facts and not conclusions. This requirement is more than a technicality; it is fundamental."

It requires specific averments as to the reasons assigned for the dismissal and a fair hearing of said charges. See, *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101, and cases heretofore cited.

The objections taken by the appellant on the sufficiency of the charges before the Board of Public Works and Safety were well taken, as it affirmatively appears from the record now before us that the charges failed to name the superior officer to whom the appellant was alleged to have made the recommendation concerning the release from custody of an allegedly admittedly guilty burglar and safe-cracker; nor did the charges name the supposedly admittedly guilty burglar and safe-cracker.

In our opinion, it was incumbent upon the Board to see that this was done by amendment, especially after the written objections were filed prior to proceeding with the hearing, in order to afford the appellant due process of law as contemplated by the pertinent statutes.

Our Supreme Court has said in the case of *City of Ft. Wayne* v. *Bishop, supra,* at 313:

"The charges entered upon the records of the Board could not be supplanted, extended or enlarged by the notice given appellee."

It necessarily follows that the findings of the Board could not be used to supply the omissions of the charges.

The opinion further states:

"Neither could the Board of Public Safety, agreeable with the statute under which it was acting, have a quasi Star Chamber session without a sufficient written charge against appellee duly entered upon its records, hear evidence and then adjudge appellee guilty of offenses with which she had not been charged."

We find the Board's action in dismissing the appellant, under such circumstances, was arbitrary and contrary to law.

By reason of what we have heretofore stated, it is unnecessary for us to pass upon the other alleged errors, the general rule of law being, where, on appeal, it is determined that the trial court committed reversible error on one point, the appellate tribunal need not discuss the other questions in the case. See, *Tribune-Star Pub. Co., Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 115 N. E. 2d 215; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Cal-*

*lahan* v. *New York Cent. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 547, 183 N. E. 2d 93.

The decision of the Superior Court is reversed, with directions that this cause be remanded for further proceedings before the Board of Public Works and Safety of the City of Terre Haute, Indiana, not inconsistent with this opinion.

Carson, P. J., Clements and Ryan, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 377.