JOHN GUIDO *v.* CITY OF MARION.

[No. 671 A 125. Filed March 22, 1972.]

*Jack B. Welchons, Ryan & Welchons,* of Marion, for appellant.

*Charles E. Herriman, Gemmill, Browne, Torrance, Sisson & Morin,* of counsel, of Marion, for appellee.

HOFFMAN, C.J.—This is an appeal from the judgment of the trial court affirming the dismissal from the Marion Police Department of plaintiff-appellant, John Guido, by the Board of Public Works and Safety.

The primary issue presented by this appeal for our consideration is whether Guido was denied due process of law at such hearing, resulting in his dismissal, in which the City

Attorney sat as the presiding member of such Board and the Assistant City Attorney acted as advocate.

The dismissal of Guido arose from the filing of a complaint by the Chief of Police of Marion, Indiana, with the Board of Public Works and Safety of that city which, in pertinent part, reads as follows:

"1. That at all times hereinafter mentioned, the said JOHN GUIDO was a policeman on the Police Department of the CITY OF MARION, INDIANA.

"2. That the said JOHN GUIDO has been guilty of violations of Rules numbered 5, Sub Sec. No. D, E, H, K & O of the Rules and Regulations of the Marion Police Department, Marion, Indiana, a copy of which is attached, and laws of the State of Indiana, as set forth in Burns 48-6105 [Ind. Ann. Stat. § 48-6105 (Burns 1963)], including violation of Rules and Regulations of Marion Police Department, neglect of orders, incapacity, conduct injurious to the public peace or welfare and conduct unbecoming an officer, in that

1. That on the 26th day of March, 1970, at approximately 1:00 P.M., the said John Guido missed three City Court trials which *accordingly resulted in dismissal* of two cases to-wit: State of Indiana vs. Dale Sashe, and State of Indiana vs. Donna Robey, and the continuance of the case of State of Indiana vs. Damon L. Coss, in violation of standing orders.

2. That on the 26th day of March, 1970, the said John Guido absented himself from duty without permission from his superior officer in charge at City Hall, Marion, Indiana.

"WHEREFORE, the said RICHARD M. HARRIGAN, Chief of Marion Police Department, Marion, Indiana, requests that the BOARD OF PUBLIC WORKS & SAFETY of the CITY OF MARION, INDIANA, hold a hearing concerning the charges set forth above and take such action as is deemed necessary by said Board concerning the suspension or removal of said policeman from the Marion Police Department." (Emphasis as appears in the record.)

The Board of Public Works and Safety composed of the City Controller, City Attorney and City Engineer, subse-

quently held a hearing on this complaint pursuant to the following portion of Ind. Ann. Stat. § 48-6105 (Burns 1963) :[1]

"[U]pon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay. Upon any investigation of the conduct of any member of the fire or police force, or upon the trial of any charge preferred against any member of either such forces, such board of commissioners shall have power to compel the attendance of witnesses, and to examine them under oath, * * *."

This hearing resulted in the following decision of the Board of Public Works and Safety:

"At this time I would like to announce the unanimous decision of the Board. There was a finding of fact that the Police Officer John Guido was in violation as set forth in paragraphs 1 and 2 of retortical [rhetorical] paragraph 2 of the complaint. That he was in violation of the rules and orders by missing 3 City Court trials on the 26th day of March, 1970. Also on the 26th day of March, 1970 he absented himself from duty without permission from his Superior Officer. Let the records show that it was the finding that in both of these, that at this time the Board further finds that he should be discharged as a policeman and removed as a police officer from the Marion Police Department. Let the records show that Lloyd Cochran and Paul Holman are present."

Guido then filed his verified amended complaint appealing the decision of the Board to the Grant Circuit Court. After hearing the evidence, the Grant Circuit Court entered its finding and judgment for defendant-appellee "affirming the

---

1. Ind. Ann. Stat. § 48-6105 (Burns 1963) was amended in 1971, but the quoted portion remains unchanged. See: IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns 1971 Supp.).

action and decision of the Marion Board of Public Works and Safety."

Guido then filed his motion to correct errors containing the following specifications:

1. The decision of the trial court is contrary to law;
2. The decision of the trial court is contrary to the evidence;
3. The decision of the trial court is not supported by sufficient evidence;
4. The trial court erred in denying plaintiff's verified motion for default filed May 20, 1970;
5. The trial court erred in granting defendant's motion to allow late filing of the transcript; and
6. The trial court erred in denying plaintiff's verified motion for default filed July 2, 1970.

Such motion to correct errors was overruled by the trial court and this appeal followed.

On appeal Guido has preserved and outlined four issues as follows:

1. Was the decision of the trial court contrary to law?
   (a) Did the conflicting roles of the City Attorney and his Assistant render the Board's decision invalid?
   (b) Was the Board's decision illegal, arbitrary and capricious?
2. Was the decision of the trial court contrary to the evidence? Was there sufficient evidence to support such decision?
3. Did the trial court err in denying plaintiff's verified motion for default filed May 20, 1970?
4. Did the trial court err in denying plaintiff's verified motion for default filed July 2, 1970?

The first and primary contention argued by Guido is that the conflicting roles of the City Attorney as presiding member of the Board and the Assistant City Attorney as advocate so biased the decision of the Board that Guido was denied due process of law.

At the very outset of our discussion we must point out that where the dismissal of a police officer is in question a hearing before the Board of Public Works and Safety must be full and fair, before an impartial body and conducted in good faith. *Tryon* v. *City of Terre Haute* (1963), 136 Ind. App. 125, 133, 193 N. E. 2d 377 (transfer denied). Any decision reached by the Board of Public Works and Safety without affording the accused officer a fair hearing is illegal. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 642, 180 N. E. 596.

The Supreme Court of the United States in *Wong Yang Sung* v. *McGrath* (1950), 339 U.S. 33, at 50, stated:

"When the Constitution requires a hearing, it requires a fair one, one before a tribunal which meets at least currently prevailing standards of impartiality."

Even so, a combination of functions in the administrative body is not *per se* a violation of due process. In *Marcello* v. *Bonds* (1955), 349 U.S. 302, the Supreme Court of the United States held to the effect that in regard to deportation of an alien a hearing is not stripped of its impartiality merely because the presiding officer was subject to the supervision and control of officials charged with investigative and prosecuting functions.

In discussing *Wong Yang Sung* and other important cases on this question, 2 Am. Jur. 2d, *Administrative Law*, § 412, at 223, states:

"However, due process is not necessarily denied by the fact that the hearing is before the same authority which has preferred the charges upon which the hearing is had, or by the fact that the trier of the fact has personal knowledge of the matter in issue or has expressed an opinion that the conduct in question is illegal. The combination in the same person of the functions of investigation or advocacy and the function of deciding is a recognized evil." [Footnotes omitted.]

Similarly, several leading cases from various jurisdictions were considered and discussed in 16A C.J.S., *Constitutional Law,* § 628, at 862-863, in the following paragraph:

"In order to comply with the requirements of due process, the hearing granted by an administrative body must be a full and a fair one, before an impartial officer, board, or body free of bias, hostility, and prejudgment; but mere irregularity or error with respect to a hearing cannot be made the basis of a claim of denial of due process, and a person cannot complain of a defect in an administrative hearing as a denial of constitutional rights as long as he obtains a full hearing before a court on the question in issue. The fact that the administrative agency is both the accuser and judge does not deprive accused of due process of law, * * *." [Footnotes omitted.]

Having considered this persuasive authority and having further examined the many authorities cited to us by both appellant and appellee, we can only conclude that in regard to hearings before an administrative body such as a Board of Public Works and Safety the determination of whether a person charged has been afforded a fair hearing must necessarily depend on the particular facts of each individual case. See: *Gigger* v. *Board of Fire & Police Com'rs. of E. St. Louis* (1959), 23 Ill. App. 2d 433, 163 N. E. 2d 541.

In *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, at 438, 199 N. E. 2d 703, at 707-708, our Supreme Court stated:

"The proceedings as held by the Commission are governed by the general rules of procedure before administrative bodies. This allows for less formality than in civil proceedings before a court in both the charge and conduct of the hearing held pursuant thereto.

* * *

"The purpose of § 48-6105, *supra,* which established a conditional tenure of office in appellee, also provided for the creation of the Commission through which the interest of the public could be protected against the misconduct of such officers. Under the statute it is obviously intended that police officers be protected in their offices, especially

against political involvements, but it is of equal or greater import that the interest of the public be protected by a police department composed of able, dependable and well-disciplined police officers."

Accordingly, we cannot accept Guido's analogy of the present case to a situation where a trial judge is biased by a "conflict of interest" with an attorney litigating a case before him. The purpose of a criminal trial is to *prove the guilt* of the accused person(s). To the contrary, the purpose of a hearing before the Board of Public Works and Safety is not to criminally prosecute. The purpose is only to inquire into the circumstances and ascertain the facts concerning the charges lodged. As stated by our Supreme Court in *State ex rel. Felthoff* v. *Richards, supra,* the hearing must be "dominated solely by a desire to determine the fitness of a person under charges." (203 Ind. at 642, 180 N. E. at 598.)

Therefore, the presence of the Assistant City Attorney at the hearing was not a denial of due process. Guido's due process right in the hearing before the Board of Public Works and Safety entitled him to a fair hearing, with adequate notice and the right to present and examine witnesses. As stated, the Assistant City Attorney should not have been present at the hearing to persuade the Board as to Guido's innocence or guilt for that was not an issue for determination. The only issue for determination was to ascertain the facts concerning the fitness of Guido to serve as a police officer.

In the instant case we have not been directed to any evidence whatsoever that Guido has been denied a fair hearing. To the contrary, we are convinced from our examination of the record that the Board was impartial and objective in receiving and weighing the evidence. The Assistant City Attorney, whether viewed as counsel for the Police Chief as prescribed by statute, or as an attorney for the Board, did no more than take an active part in the elicitation of the

facts. He did not participate in the Board's decision, he did not make any rulings on the evidence, and he did not make any statements to persuade or dissuade the Board. Therefore, the vote cast by the City Attorney for the dismissal of Guido was valid.

We must emphasize that Guido was not on trial as to his guilt or innocence. The purpose of the hearing could only have been to determine the fitness of Guido as a police officer of the City of Marion. No evidence is shown that the hearing was contrary to this purpose and we conclude that there has been no violation of due process.

The next contention argued by Guido is that the decision of the Board was arbitrary and capricious. In the following discussion of this contention we will also dispose of the issue raised as to whether the decision of the Board was contrary to the evidence and whether the decision was supported by sufficient evidence.

In the record before us is found testimony of appellant-Guido showing that he was to appear in court to testify on March 26, 1970, at one o'clock p.m. Appellant was scheduled to appear and testify in three separate trials on that date. Guido testified that instead of appearing in court he left for Baltimore, Maryland, without communicating with the Marion Police Department. He further testified that he left Marion on March 26, 1970, at one o'clock p.m. and returned at four o'clock p.m. the following day. With this testimony in the record it cannot be said that the Board's finding of fact is not supported by sufficient evidence or contrary to the evidence.

In *State Bd. of Tax Com'rs.* v. *Chicago, etc. R. Co.* (1951), 121 Ind. App. 302, at 308-309, 96 N. E. 2d 279, at 282, (transfer denied), it was stated:

"Arbitrary or capricious action on the part of an administrative board means willful and unreasonable action, with-

out consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action." (Citing authorities.)

In the instant case the uncontroverted testimony of the Police Chief and of Guido himself as hereinbefore summarized shows that Guido missed three scheduled appearances in court and was absent without leave from his scheduled shift all on March 26, 1970. One of the penalties provided by § 48-6105, *supra*, for absence without leave or violation or neglect of orders is dismissal. We cannot here say that the imposition of one of the statutorily prescribed penalties is arbitrary or capricious merely because such penalty may be harsher than previously applied or because a reasonable man might have imposed a different penalty.

In his final contention, Guido has combined his arguments on the two remaining issues, whether the trial court erred in denying his verified motion for default filed May 20, 1970, and whether the trial court erred in denying his verified motion for default filed July 2, 1970. The basis of plaintiff's motions for default was that the city failed to file a full, true and complete transcript of the proceedings before the Board.

The record before us contains the following documents with the word "Filed", the date, and the signature of the Clerk of the Grant Circuit Court stamped thereon:

On April 29, 1970, a copy of the decision of the Board of Public Works and Safety was filed along with several pages of testimony numbered consecutively 1-30.

On June 22, 1970, a certificate of the Secretary of the Board of Public Works and Safety, and a copy of the notice to appear before the Board of Public Works and Safety and notice of suspension with an attached copy of certain rules and regulations of the Marion Police Department and with an attached copy of the complaint lodged against Guido were filed.

Section 48-6105, *supra*, in pertinent part, provides:

"Within ten [10] days after the service of summons said

board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case, * * *."

In *Hamilton* v. *City of Indianapolis* (1946), 116 Ind. App. 342, 346, 64 N. E. 2d 303, it was held that the portion of the statute requiring filing of the transcript within ten days after service of summons was merely directory insofar as the time of filing was concerned. However, that portion of the statute providing that the Board "shall file in said court a full, true and complete transcript" was held to be mandatory in *City of Gary* v. *Yaksich* (1950), 120 Ind. App. 121, 127, 90 N. E. 2d 509.

In *Yaksich* certain original documents and record of proceedings had been omitted from the portion of the transcript filed by the Police Civil Service Commission. The trial court overruled the Commission's motion to file other documents. The reviewing court stated the principal question presented was whether the "court should have permitted the filing of the rest of the transcript of entries and papers * * *." In reversing the judgment of the trial court the reviewing court, at 127 of 120 Ind. App., and at 511 of 90 N. E. 2d, held:

"In proceedings for the removal or discharge of a policeman the protection of the public is a matter of paramount importance * * *. The court should have permitted the filing of a complete transcript."

Under this authority, Guido's contention that the certificate of the Secretary of the Board filed on June 22, 1970, was ineffective to certify the previously filed documents is untenable. All the documents filed must be incorporated in determining if the transcript was complete.

Appellant's argument that the certificate is insufficient is likewise erroneous. We find that the certificate is sufficient to certify the completeness and authenticity of the transcript. Even, however, were we to find the certificate insufficient, Guido has failed to show prejudicial error. He has not even

alleged that anything has been omitted from the transcript or that any parts thereof are erroneous.

The judgment of the trial court is affirmed.

Sharp, J., concurs; Staton, J., concurs in result.

NOTE.—Reported in 280 N. E. 2d 81.