291 N.E.2d 900 (1973)
CITY OF MISHAWAKA, Indiana, Respondent-Appellant,
v.
Thomas J. STEWART, Petitioner-Appellee.
No. 3-772A29.
Court of Appeals of Indiana, Third District.
January 31, 1973.
Rehearing Denied March 22, 1973.
*901 R. Wyatt Mick, Jr., Mishawaka, for respondent-appellant.
Myron J. Hack, South Bend, for petitioner-appellee.
SHARP, Judge.
This proceeding originally began as a disciplinary hearing before the Board of Public Works and Safety of the City of Mishawaka (Board) pursuant to I.C. 1971, XX-X-XX-X, Ind. Ann. Stat. § 48-6105 (Burns' 1963 Repl.). From the evidence adduced at said hearing Thomas J. Stewart (Stewart) was found guilty of insubordination and was reduced to the rank of private in the Mishawaka Fire Department. Stewart was further found guilty of conduct unbecoming an officer, misconduct and violation of Article XIV, Section 7 of the Rules and Regulations of the Mishawaka Fire Department in that he knowingly received stolen property. Stewart was dismissed from the Fire Department for the latter offense.
Respondent-Appellee, Stewart, filed a verified complaint seeking judicial review *902 as to Count Two of the charges brought against him. The trial court concluded, solely on the basis of the written transcript of the hearing, that there was insufficient evidence to support the Board's determination, that the decision of the Board was arbitrary and illegal, and that the Board was not legally constituted to conduct said hearing and was without a quorum by virtue of the fact that the City Attorney performed the dual function of prosecutor and judge. The trial court vacated and set aside the decision of the Board and ordered the petitioner, Stewart, reinstated. The City of Mishawaka duly filed its Motion to Correct Errors and, when said Motion was overruled, perfected this appeal.
The decision of the trial court was based both upon procedural irregularities during the hearing and upon the merits of the decision itself. Our consideration of this appeal will be similarly structured.

I.
The basic issues regarding the alleged procedural deficiencies of the hearing may be summarized as follows:
(1) Whether it is unlawful and unconstitutional for a City Attorney, who is one of only two members of the Board to participate in an adversary capacity in conducting a hearing by framing the charges and introducing evidence, and also to participate in the decision of the Board.
(2) Whether the trial court was correct in deciding that because the statute required that two members shall constitute a quorum and one of the requisite two was the City Attorney, who operated in a dual capacity, the Board was not legally constituted to conduct hearings and was without a quorum.
A hearing before the Board concerning the dismissal of an officer of the Fire Department must be full and fair, conducted in good faith and before an impartial body. Guido v. City of Marion, Ind. App., 280 N.E.2d 81 (1972); Tryon v. City of Terre Haute, 136 Ind. App. 125, 193 N.E.2d 377 (1964). The right to such a hearing is embodied both in the Fourteenth and Fifth Amendments to the United States Constitution and in the due process clause of the Indiana Constitution. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950); Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938); Tryon v. City of Terre Haute, supra. Any decision of the Board predicated upon a hearing devoid of the requisite requirements is illegal and void. Guido, supra; State ex rel. Felthoff v. Richards, 203 Ind. 637, 180 N.E. 596 (1932).
In Guido, supra, this court was called upon to consider a similar situation and, in line with the great weight of authority, we concluded that:
"Even so, a combination of functions in the administrative body is not per se a violation of due process." 280 N.E.2d 85.
In Guido, the City Attorney was the presiding member of the board and the Assistant City Attorney took an active part in the elicitation of the facts, either as attorney for the Police Chief or as Attorney for the Board. This court held that the hearing depended upon the particular facts determination of whether there was a fair of each individual case. On the basis of the facts presented, we rejected the contention that the presence of the Assistant City Attorney at the hearing was a denial of due process. We now similarly reject the contention that it was a denial of due process for the City Attorney in this case to frame the charges, conduct the examination of witnesses and to participate in the decision of the Board absent a showing of bias or political motivation.
A hearing before the Board of Public Works and Safety is not an adversary proceeding, but rather an examination by an impartial tribunal to determine the *903 fitness of the officer to continue serving as a member of the Fire Department. State ex rel. Felthoff v. Richards, supra. The hearing is in the nature of a civil proceeding, Ely v. Montpelier, 146 Ind. App. 175, 253 N.E.2d 286 (1969), but the Board is not functioning in the capacity of an adversary, Rose v. State Bd. of Reg. for Healing Arts, 397 S.W.2d 570 (Mo. 1965), Idaho Mut. Ben. Ass'n v. Robison, 65 Idaho 793, 154 P.2d 156 (1944).
The Board of Public Works and Safety, by statute, is endowed not only with the power to make a decision resulting in dismissal, but also with the power to examine witnesses. I.C. 1971, XX-X-XX-X, Ind. Ann. Stat. § 48-6105 reads, in pertinent part, as follows:
"Upon any investigation of the conduct of any member of the fire or police force, or upon the trial of any charge preferred against any member of either such forces, such board of commissioners shall have power to compel the attendance of witnesses, and to examine them under oath, and to require the production of books, papers and other evidence, at any meeting of such board, and for that purpose may issue subpoenas and cause the same to be served and executed in any part of the county where such city is located." (our emphasis)
Thus, the Board is specifically granted both the power to elicit facts and then the power to make a decision based on said facts. Contrary to the contentions of Stewart, the hearing contemplated by § 48-6105 is not a trial where the Fire Department, through the City Attorney, prosecutes the person against whom charges have been brought. Rather, it is a fact-finding tribunal established to elicitate facts concerning the charges that have been brought. The Board, to be able to fulfill its function, is empowered to examine witnesses in its own right. It cannot be said that because the City Attorney, in his capacity as presiding member of the Board, made use of the power conferred upon him, he prosecuted Stewart on behalf of the Fire Department. This distinction was recognized in Guido at page 85 of 280 N.E.2d, as follows:
"Accordingly, we cannot accept Guido's analogy of the present case to a situation where a trial judge is biased by a `conflict of interest' with an attorney litigating a case before him. The purpose of a criminal trial is to prove the guilt of the accused person(s). To the contrary, the purpose of a hearing before the Board of Public Works and Safety is not to criminally prosecute. The purpose is only to inquire into the circumstances and ascertain the facts concerning the charges lodged. As stated by our Supreme Court in State ex rel. Felthoff v. Richards, supra, the hearing must be `dominated solely by a desire to determine the fitness of the person under charges.' (203 Ind. at 642, 180 N.E. at 598.)"
The City Attorney, acting as attorney for the Fire Department, drew up the charges against Stewart and then participated in a determination of those charges. But due process is not necessarily denied by the fact that the hearing is before the same authority which preferred the charges upon which the hearing is had. Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947).
As pointed out earlier in this opinion, the duality of functions is not a per se violation of due process, but rather each case must turn on the particular facts associated therewith. In this case, there are no allegations of personal bias or political motivation. The trial court specifically found that "there is absolutely no showing that such proceedings were motivated by politics, malice or any vengeful or vindictive spirit."
Since the City Attorney was performing his statutory duty in examining witnesses and in participating in the ultimate decision of the Board, and further, since Stewart *904 has not shown any bias on the part of the City Attorney, we conclude that the vote cast by the City Attorney was valid. It necessarily follows that the second contention of Stewart that the Board did not have a quorum is unfounded.

II.
Having determined the procedural issues adversely to the judgment of the trial court, there still remains the substantive issues of whether the decision of the Board was based upon substantial evidence and whether the decision was arbitrary and illegal.
The first question is whether all presumptions should be indulged in favor of the decision of the Board or the decision of the trial court. In City of Evansville v. Nelson, 245 Ind. 430, 199 N.E.2d 703 (1964), this precise question confronted our Supreme Court, which held that it would examine the evidence before the hearing authority for the purpose of determining if there was substantial evidence to support its finding and decision. Thus, our Supreme Court implicitly rejected the argument that there is a presumption in favor of the validity of the judgment of the trial court which had set a decision of Civil Service Commission aside. Instead, the Supreme Court again look directly to the decision of said commission and made its own evaluation of whether there was substantial evidence to support the decision of the Commission.
In City of Anderson v. Hadley, 122 Ind. App. 8, 102 N.E.2d 385, 387 (1951), the rule appears as follows:
"Where there is substantial evidence before the board to sustain its action, the trial court may not substitute its judgment for that of the board."
The Appellee, Thomas J. Stewart, was a duly appointed member of the Mishawaka Fire Department. On March 7, 1970, Stewart was involved in the purchase of plywood which was delivered to his premises during the late evening hours. He purchased approximately one thousand sheets of plywood for which he paid the sum of Five Hundred Dollars ($500.00) in cash. At a later time Stewart had the plywood removed from his premises. Stewart denied in his testimony that he had any knowledge of the fact that the plywood was stolen.
However, both Harvey White and Charles White testified under oath that Stewart knew at the time of receipt that the plywood had been stolen. Harvey White further testified to the Board that in the initial investigation he had informed the Elkhart and St. Joseph County Police that Stewart did not know about the theft but in proceedings before the St. Joseph Superior Court he stated that this was not correct and that Stewart actually had knowledge that the property was stolen.
The Board of Public Works and Safety apparently believed the testimony of the White brothers and this resulted in the dismissal of Stewart. The trial court reversed the decision of the Board on the basis that the testimony of the White brothers was judicially worthless and incapable of belief. The trial court made a specific finding that reads, in pertinent parts, as follows:
"* * * Although this Court did not have the opportunity of observing his demeanor and candor, a reading of the cold record would hardly distinguish him as a reliable witness to any material fact. A review of the limited testimony of Charles White, although not quite as erratic as the testimony of his brother, Harvey, is hardly compelling. If the Petitioner had been charged by Respondent's Board with being naive and credulous, the evidence would have been overwhelming, but a review of the entire transcription has caused this Court to conclude that there was a lack of substantial evidence upon which the Respondent's Board predicated its finding the petitioner knowingly received stolen property on March 7, 1970."
*905 The testimony of the White brothers was relevant and material. The trial court chose to disregard such testimony because of the credibility of the witnesses. The credibility of witnesses and the weight to be given their testimony is, however, a question for the trier of fact, which in this case was the Board of Public Works and Safety. The trier of fact could believe all, none or any part of the testimony of the witnesses. State v. Monninger, 243 Ind. 174, 182 N.E.2d 426 (1966).
The fact that the White brothers had given a prior inconsistent statement to police officers only goes to the weight to be given their testimony. It does not render the testimony before Board nugatory as a matter of law.
The trial court seems to have confused the concept of substantial evidence with the concept of credibility. The evidence against Stewart was substantial if the testimony of the White brothers was accepted as true. The Board, as the trier of fact, chose to believe the testimony of the Whites in spite of the prior inconsistent statements. Neither this court, nor the trial court in this case, is permitted to substitute its judgment for that of the trier of fact. In Lake v. State, Ind., 274 N.E.2d 249 (1971), our Supreme Court stated:
"Appellant also argues that testimony of Marie Lewis was unbelievable, and that the appellant was also prejudiced when the State attempted to impeach its Witness Beverly. As we have pointed out, whether or not the jury believed the testimony of Marie Lewis was entirely their prerogative. This evidence will not be weighed by this Court."
We conclude that the decision of the Board was supported by substantial evidence and was not arbitrary or capricious.

III.
Finally, we come to Stewart's assignment of cross errors for the denial of his Motion to Correct Errors, which presents the question of whether the Board's appeal was properly perfected. It is the contention of Stewart that the Board must file a petition for rehearing within ten days of the decision of the trial court as a prerequisite to perfecting an appeal to this court.
In the instant case, the Board filed a Motion to Correct Errors within the prescribed time limit, but did not file a petition for rehearing. The issue is whether the Indiana Rules of Procedure have superseded the statutory provisions of § 48-6105 to the extent that a motion to correct errors rather than a petition for rehearing is the proper method for perfecting an appeal from a decision of a trial court reviewing Board action.
The pertinent parts of § 48-6105 read as follows:
"Either party to such appeal may file, within ten [10] days after such decision, a petition for a rehearing and the judgment of the court shall be stayed pending the decision thereon. The final judgment of the court shall be binding upon all parties and no further appeal therefrom shall be allowed.
* * * * * *
The provisions of the civil code shall govern in all matters of procedure upon such appeal that are not otherwise provided for by this section; but such appeal and the proceedings thereof shall not constitute a civil action, as designated by the civil code."
The statute provides that no appeal will be permitted beyond the Circuit Court level and, in lieu of such an appeal, provides for a petition for rehearing before the trial court. Our Supreme Court, however, has specifically held that an appeal to the Supreme or Appeals Court is permissible. City of Elkhart v. Minser, 211 Ind. 20, 5 N.E.2d 501 (1937).
While there was considerable controversy and confusion as to the proper method to perfect such an appeal prior to the adoption of the Indiana Rules of Procedure, *906 we believe that said rules have settled the question.
Numerous cases have held that proceedings for judicial review of decisions of Board of Public Works and Safety concerning dismissals of policemen or firemen are "in the nature of civil proceedings." Ely v. City of Montpelier, supra; City of Fort Wayne v. Bishop, 228 Ind. 304, 92 N.E.2d 544 (1950).
Trial Rule 1, Indiana Rules of Procedure, IC 1971, 34-5-1-1, provides:
"Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action."
It will be noted that the rules apply to "all suits of a civil nature", while the proceeding in this case is "in the nature of a civil proceeding". Although the wording is not identical, the meaning is synonymous. Also, since the statute did not contemplate an appeal beyond the circuit court level, it failed to provide for any procedure for such an eventuality. There being no procedural guidelines provided in the statute for an appeal from the proceeding which is of a civil nature, the procedure is governed by the Indiana Rules of Procedure.
Trial Rule 59(G) provides that:
"In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution."
The filing of a motion to correct errors with trial court is a condition precedent to perfecting an appeal from a final judgment. Lows v. Warfield, Ind. App., 259 N.E.2d 107 (1970); Bradburn v. County Department of Public Welfare of St. Joseph County, Ind. App., 266 N.E.2d 805 (1971). Therefore, the Board followed the correct procedure in filing a motion to correct errors with the trial court in the instant case.
The question now becomes whether the necessity of a Motion to Correct Errors obviates the need for a Petition for Rehearing as contemplated by § 48-6105, or whether both are required before the appeal is properly perfected. The Petition for Rehearing is not required by the Indiana Rules of Procedure. As was pointed out earlier, the petition for rehearing was originally intended to be in lieu of an appeal from the decision of the trial court. Since an appeal is now permitted and, further, since the procedure for such an appeal is governed by the Indiana Rules of Procedure, the Petition for Rehearing serves no useful purpose and should not be considered a condition precedent to the perfection of an appeal. We hold that the Indiana Rules of Procedure requiring the filing of a motion to correct errors has superceded the requirement of § 48-6105 for the filing of a petition for rehearing.
The decision of the trial court is hereby reversed and remanded with instructions to reinstate the decision of the Board of Public Works and Safety.
HOFFMAN, C.J., and STATON, J., concur.