**Gary REECE, Plaintiff-Appellant,**

v.

**The CITY OF COLUMBUS BOARD OF PUBLIC WORKS AND SAFETY, Defendant-Appellee.**

No. 1–1285A328.

Court of Appeals of Indiana, First District.

Oct. 27, 1986.

William F. Marshall, Dalmbert & Marshall, Columbus, for plaintiff-appellant.

Robert E. Hayes, Columbus, for defendant-appellee.

NEAL, Judge.

STATEMENT OF THE CASE

Plaintiff-appellant, Gary Reece (Reece), appeals the decision of the Bartholomew Circuit Court, which denied his appeal from the action taken by the City of Columbus Board of Public Works and Safety (Board of Works) in discipline proceedings, which resulted in the reduction of Reece in rank from lieutenant to sergeant.

We affirm.

STATEMENT OF THE FACTS

The evidence presented at the hearing before the Board of Works most favorable

to support the decision is as follows. On August 21, 1981, at approximately 3:30 to 4:00 a.m., a fire occurred in an automobile parked in Charleston Square, an apartment complex in the city of Columbus. The fire defied efforts of citizens to extinguish it, and the fire department was called. Three firemen, Lieutenant Venable, Heaton and Marsh were dispatched. They found the fire blazing high in one automobile and two other automobiles were damaged. The owner of the car, Robert Donica, had been observed in that location in his car for three or four hours previously. Bystanders and the firemen described Donica as watery-eyed, staggering, stumbling, in a daze, and otherwise appearing very intoxicated. A bottle of vodka was observed on top of one of the cars. Donica admitted to drinking a fifth of spirits. While it was not established as a certainty, some of the participants surmised that Donica had gone to sleep in the automobile and had dropped a lighted cigarette. A number of citizens had assembled, but as yet, there was not much vehicular traffic.

Police Lieutenant Reece was directed to the scene by the department dispatcher. The firemen and bystanders testified that when he arrived he got out of the police car, stood around for about five minutes doing nothing, and then left. Regulations and customs of the police department required mutual cooperation and assistance with the fire department. The citizens who owned damaged cars were disappointed in Reece's conduct and considered his performance substandard because he made no effort whatever to investigate the causes of the fire, the owner of the burning car, or fault, for their insurance purposes. One bystander, Foster, took it upon himself to do so because Reece did not.

Lieutenant Venable saw Reece arrive, but being busy, spoke little to him and did not observe him leave. Venable stated that Donica was intoxicated and in a condition to hurt himself; three cars were damaged; an investigation into the ownership and causes of the fire, which could include arson, was needed; and a crowd of people and traffic could have become a problem. In short, Venable thought that the police needed to be there and Reece did not do his duty. Thereupon, Venable called on his radio and had another officer dispatched to the scene. That policeman came, assisted, and performed what all concerned thought was proper duty. The firemen and the citizens were critical of Reece's lack of initiative and assistance.

The chief of the fire department reported Reece's conduct to the police chief, Lalkington, who initiated an investigation which developed the above facts. The Board of Captains all thought Reece's action at the fire scene was derelict. A ranking officer, they opined, should have shown better judgment. He should have stayed at the scene to assist in possible pedestrian and vehicular traffic problems, arrested Donica, and conducted an investigation. He had not cooperated with the fire department as required by regulations and such was a ground for discipline, which could include demotion or discharge.

Reece was charged by the Board of Captains before the Board of Works. The charges were in two counts. Count I alleged that his conduct at the fire was substandard, and Count II related the fact that he had been disciplined in 1980 for permitting an intoxicated officer under his direction and control to drive a police car when such officer was unfit to do so. He had received a reprimand on November 14, 1980, for that conduct. That discipline was never appealed.

After a hearing, the Board of Works, in lengthy findings of fact and conclusions of law, found that Reece was derelict in the performance of his duties at the fire. For punishment he was demoted from lieutenant to sergeant. This action was affirmed by the Bartholomew Circuit Court.

## DISCUSSION AND DECISION

On appeal Reece does not dispute the findings of the Board of Works, or the court, relative to the sufficiency of the evidence as related to Reece's conduct at the fire. Instead, he attacks certain rul-

ings which excluded offered evidence in relation to Count II. This is presented in three issues. We will discuss it as one.

At the hearing before the Board of Works, the City introduced the record of the 1980 reprimand. Reece then attempted to present evidence in justification or mitigation of his conduct upon which the reprimand was based, but objections to such evidence were sustained. Upon appeal to circuit court, Reece attempted to present evidence de novo in justification or mitigation of the 1980 reprimand without success. Reece, on appeal, claims that both the Board of Works and the circuit court erred in not permitting him to introduce such evidence, and that the Board of Works' ruling in regard thereto was arbitrary and capricious.

In its findings the Board of Works found that according to the rules of the Columbus Police Department, the Board of Works should consider in disciplinary matters, among other things, the record and prior discipline of the offender. The trial court, in its findings, denied the petition for a hearing de novo to permit introduction of evidence in justification or mitigation of the 1980 reprimand for the reason that the existence of the reprimand was acknowledged by Reece and no appeal had ever been taken from it. The court found that the Board of Works' decision not to permit relitigation of the prior reprimand was not arbitrary and capricious. The court found that the Board of Works merely took into consideration the fact that Reece had previously been reprimanded for misconduct.

Reece cites a number of authorities for the proposition that he is entitled to present evidence at the hearing in his defense of the charges filed. *Hansen v. Town of Highland* (1958), 237 Ind. 516, 147 N.E.2d 221; *Michigan City v. State ex rel. Seidler* (1937), 211 Ind. 586, 5 N.E.2d 968; *Tyron v. City of Terre Haute* (1963), 136 Ind.App. 125, 193 N.E.2d 377; IND.CODE 36–8–3–4. This is conceded. However, neither those cases, nor any other authorities cited by Reece, stand for the proposition asserted here that he may relitigate the previous, unappealed-from, disciplinary matters merely because they are used to show a pattern of misconduct.

We agree with the trial court. The essence of the charge upon which Reece was disciplined concerned his conduct at the Charleston Square fire. Relevant to the penalty was the prior discipline. The purpose of Count II was merely to show prior discipline. He is not entitled to collaterally re-try prior, unappealed-from, impositions of discipline. It takes no citation of authority to show that a thread exists throughout the law that a person may not relitigate matters which have come to rest.

The Board of Works did not act arbitrarily and capriciously in rejecting the evidence in justification and mitigation of the previous discipline. The trial court did not err in so holding.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.