**CITY OF HAMMOND, Indiana, Appellant–Defendant,**

**v.**

**STATE of Indiana on relation of Ronald JEFFERSON, Appellee–Plaintiff.**

No. 3–879A237.

Court of Appeals of Indiana, Fourth District.

Sept. 30, 1980.

Abrahamson, Reed & Tanasijevich, Robert G. Berger, Hammond, for appellant–defendant.

Hilbert L. Bradley, Gary, for appellee–plaintiff.

MILLER, Judge.

This action presents an appeal by the City of Hammond from a superior court order reversing an earlier determination by the Hammond Board of Public Works and Safe-

ty that Jefferson, a firefighter, should be suspended from his employment for six months. We affirm the lower court's decision that Jefferson should be reinstated with back pay because he did not receive a fair hearing before the Board. We further find it necessary, however, to remand this cause to the trial court since the record fails to clearly disclose whether the parties have stipulated, as Jefferson contends, the amount of back pay he should receive.

As the briefs and the record in the instant case reveal, Jefferson was suspended without pay following a hearing before the Board on August 28, 1978. That hearing was apparently initiated by a July 5 letter from the fire chief to the Board purporting to detail earlier suspensions for tardiness on the part of Jefferson, and requesting that Jefferson be dismissed by the Board based on his past and current record of rule violations and tardiness. After obtaining a continuance on July 19 to obtain an attorney, Jefferson appeared with counsel on August 7, and at that time requested that the proceedings be dismissed because no prior notice and hearings had been afforded regarding the alleged instances of tardiness and rule violations by Jefferson, and because the Board had already been improperly apprised of such purported infractions by the fire chief's letter. Jefferson also objected that the city attorney, one McIlwain, should not be permitted to sit on the Board as a decisionmaker and to represent the City in establishing the case against Jefferson. McIlwain responded he would act only as a Board member in the proceedings, apparently pursuant to Ind.Code 18–2–1–4.2.[1] The hearing was then continued until August 28 at the request of the City.

On the 28th, Jefferson renewed his earlier motion to dismiss, and again challenged, by a second motion, the propriety of the city attorney's role in the proceedings. We note that during the evidentiary hearing on the merits which ensued, the city attorney, acting as vice–president of the Board, voted and presided over the disciplinary proceedings while his assistant city attorney acted as prosecutor in proving the charges against Jefferson. After Jefferson's motions were denied and the evidence heard, the Board declined to order his dismissal, but did decide that he should be suspended for 180 days and placed on probation for one year.

█ As noted above, Jefferson then appealed the Board's findings and order to the superior court, which reversed and ordered him reinstated with back pay. Among the various conclusions of law employed by the lower court to support its judgment, we need only consider one, since it is dispositive of this appeal in favor of Jefferson. In particular, we find it is impermissible, on the facts presented, for the city attorney's office to have participated in both the prosecution and the decisionmaking resolution of Jefferson's case, since he thus was not afforded the fair hearing required by law.

We believe this issue of a city attorney's dual role as prosecutor and judge in cases such as this has already been resolved by the reasoning of our Supreme Court condemning even the appearance of a decisionmaker's bias or impropriety in *City of Mishawaka v. Stewart*, (1974) 261 Ind. 670, 310 N.E.2d 65. In that case the Court held a Board of Public Works in conducting a disciplinary action against a fireman acted without a quorum when the city attorney, one of only two members of the Board, both sat on the Board and represented the City Fire Department, thus depriving the employee of due process. The Court stated:

"Having served as an advocate for one of two opposing parties in an adversary proceeding involving a constitutionally protected interest, the city attorney cannot be permitted to participate in the determination of the factual issues there formed and contested and subject to such a limited review."

1. That statute provides, in pertinent part:
   "(b) In all cities of the second class the duties of the 'board of public works' and the duties of the 'board of public safety' shall be transferred to and performed by a board to be known as the 'board of public works and safety,' which board shall be composed of the city controller, the city civil engineer, and the city attorney; . . . ."

*Id.* at 678, 310 N.E.2d at 69. The Court thus concluded, in affirming the trial court's order of reinstatement in that case, that

"the countervailing interests in granting adversary hearings that are not only free of impropriety but also give the appearance of being free of impropriety, outweigh the legislatively conceived and understandable interests in the convenience and economy of requiring city attorneys to function in . . . [this] dual capacity . . . ."

*Id.* at 681–82, 310 N.E.2d at 71.

We do not believe, following the language and reasoning of the Court in *City of Mishawaka, supra,* that the *appearance* of impropriety evident in the instant case is in any respect cured merely because the city attorney's vote against Jefferson was not necessary to constitute a quorum and to order his suspension. Thus, although the City of Hammond argues in its brief that even apart from the city attorney, two members of the statutory three–member board voted in favor of suspension, we find compelling the following language supporting the conclusion in *City of Mishawaka* :

"In the case before us, this viewpoint would be even more significant because without the city attorney, the board was without a quorum. However, it is our opinion that *the appearance of bias arising from the duality in this case overshadows the actualities, whatever they may be,* to such extent as to invalidate the proceedings. [Emphasis added]"

*Id.* at 680, 310 N.E.2d at 70.

Moreover, we consider it impossible, in cases such as the one at bar, to determine in what manner the combination of the city attorney's improper participation in the proceedings and presence on the Board while his assistant prosecuted the case may have influenced the thinking of the other voting decisionmakers.

Similarly, we do not believe the instant case is distinguishable from *City of Mishawaka* merely because the city attorney utilized his assistant to prosecute the case against the fireman and thus did not *personally* assume conflicting roles. *See State ex rel. Goldsmith v. Superior Court of Hancock County,* (1979) Ind., 386 N.E.2d 942, where it is suggested that a *deputy* prosecuting attorney would be disqualified in any circumstance where the prosecuting attorney becomes a witness or is otherwise disqualified from acting in his official capacity. In this context, we note the Court in *City of Mishawaka,* in disapproving the language of *Guido v. City of Marion,* (1972) 151 Ind.App. 435, 280 N.E.2d 81, condemned the appearance of bias even where an assistant city attorney is employed, stating "[n]or do we think the basic problem was solved in *Guido's* case [Guido was a police officer brought before the appropriate board in a similar proceeding] by the injection of the assistant city attorney as counsel, while the city attorney proceeded to participate in the determination." *City of Mishawaka v. Stewart, supra,* 261 Ind. at 681, 310 N.E.2d at 71.

We thus conclude, based on *City of Mishawaka,* the suspension order issuing from such improper hearing before the Board should be set aside, and that the trial court correctly concluded Jefferson should be reinstated with back pay. The cases cited by the City of Hammond do not require a different result. As noted in the passage quoted in its brief from *City of Gary v. Gause,* (1974) 162 Ind.App. 97, 317 N.E.2d 887, that case stands merely for the proposition that *City of Mishawaka* is inapplicable "in an absence of any demonstration that the attorneys took part in the Commission's decision" by voting or commenting on guilt or innocence. *Id.* at 105, 317 N.E.2d at 892. Similarly, in *State ex rel. Paynter v. Marion County Superior Court,* (1976) 264 Ind. 345, 344 N.E.2d 846, the Court states:

"The Respondents also point out that the Attorney General of Indiana advises the Health Facilities Council in both its investigative–prosecuting and decision making roles. This does not at all equate with the *Mishawaka* situation. The Attorney General may advise, but it is the Council itself which decides."

*Id.* at 352, 344 N.E.2d at 850. It is, of course, evident that in the instant case the city attorney did participate in the decision-making process, having taken no official action to separate himself (if any would indeed be possible) while the case against fireman Jefferson was prosecuted by the city attorney's assistant rather than by any independently employed counsel. It follows that the hearing and the consequent suspension were improper.

■ We further observe, however, in viewing the trial court's award of back pay of $8,540.50, that it is unclear whether the parties had stipulated to that court, as Jefferson alleges, that his wages for six months amounted to $8,000.[2] We believe the appropriate relief in this matter, pursuant to Ind. Rules of Procedure, Appellate Rule 15(N)(6), is to direct the trial court on remand to determine, in a manner similar to that permitted by Ind. Rules of Procedure, Appellate Rule 7.2(C), in correcting the record, whether such a stipulation was made, or whether, in the alternative, it is necessary to hear additional evidence (though we presume it would not be disputed) on the amount of Jefferson's salary for the six–month period in question.

We affirm and remand as directed.

YOUNG, P. J., and CHIPMAN, J., concur.

---

**2.** We do not believe the trial court's award of $540.54, apparently as compensation for allegedly improper suspensions of Jefferson which occurred prior to his six–month suspension, were properly ordered by the court in light of the fact that Jefferson's hearing before the Board did not directly concern those earlier suspensions, and in any event his appeal to the superior court challenged only the order for a six-month suspension and the findings in support thereof.