OPINION
MAY, Judge.
Hugo Torres appeals a trial court decision upholding an order by the City of Hammond Board of Public Works and Safety (“the City”) to demolish his house. As Torres did not have the benefit of an impartial decision maker in the proceeding that ordered demolition of his property, we reverse.[1]
FACTS AND PROCEDURAL HISTORY
Torres owns a residence in Hammond. In October of 2012, the City declared the residence uninhabitable. The building commissioner issued an order to repair or demolish it. In January 2013 the City conducted a hearing on the order. The board that conducted the hearing and ordered the demolition was comprised of the city controller, the city engineer, and the city attorney. As the city attorney served on the board, the City’s case was argued by his assistant city attorney. After the hearing, the board found the house posed a health and safety danger to nearby occupied residences and ordered the house demolished. The trial court affirmed the City’s order.
DISCUSSION AND DECISION
Torres was deprived of his due process right to an impartial decision maker when the Hammond city attorney served as a deciding member on the board of *909 public works and safety at a hearing where the assistant city attorney represented the City.
Due process requires a neutral, or unbiased, adjudicatory decision maker. Scholars and judges consistently characterize provision of a neutral decision maker as one of the three or four core requirements of a system of fair adjudicatory decision making. Rynerson v. City of Franklin, 669 N.E.2d 964, 967 (Ind.1996). In City of Hammond v. State ex rel. Jefferson, 411 N.E.2d 152, 153 (Ind.Ct.App.1980), we determined Jefferson’s hearing was improper when, as in the case before us, an assistant city attorney represented the city while the city attorney sat as a decision making member of the public works and safety board. Id. at 155.
Jefferson was alleged to have violated rules and tardiness policies, and the Fire Chief recommended his dismissal. Proceedings were conducted before the Hammond Board of Public Works and Safety, of which the city attorney, Mclllwain, was a member. Mclllwain indicated he would serve only in his capacity as a board member, and the assistant city attorney represented the city in the action against Jefferson. The board suspended Jefferson and placed him on probation. Jefferson appealed the board’s findings to the trial court, which reversed the board’s decision. The trial court determined Jefferson was not afforded a fair hearing because the city attorney’s office participated in both the prosecution and decision-making processes.
We agreed, relying on City of Mishawaka v. Stewart, 261 Ind. 670, 310 N.E.2d 65 (1974), in which our Indiana Supreme Court held a city attorney cannot serve the dual functions of board member and advocate for the city in the same proceeding. We explained in Jefferson:
We do not believe, following the language and reasoning of the Court in [Stewart ], that the appearance of impropriety evident in the instant case is in any respect cured merely because the city attorney’s vote against Jefferson was not necessary to constitute a quorum and to order his suspension. Thus, although the City of Hammond argues in its brief that even apart from the city attorney, two members of the statutory three-member board voted in favor of suspension, we find compelling the following language supporting the conclusion in [Stewart ]:
In the case before us, this viewpoint would be even more significant because without the city attorney, the board was without a quorum. However, it is our opinion that the appearance of bias arising from the duality in this case overshadows the actualities, whatever they may be, to such extent as to invalidate the proceedings.
Moreover, we consider it impossible, in cases such as the one at bar, to determine in what manner the combination of the city attorney’s improper participation in the proceedings and presence on the Board while his assistant prosecuted the case may have influenced the thinking of the other voting decision-makers.
Similarly, we do not believe the instant case is distinguishable from [Stewart] merely because the city attorney utilized his assistant to prosecute the case against the fireman and thus did not personally assume conflicting roles. See State ex rel. Goldsmith v. Superior Court of Hancock County, (1979) Ind. [270 Ind. 487], 386 N.E.2d 942, where it is suggested that a deputy prosecuting attorney would be disqualified in any circumstance where the prosecuting attorney becomes a witness or is otherwise disqualified from acting in his official capacity. In this context, we note the Court in [Stewart ], in disapproving *910 the language of Guido v. City of Marion, (1972) 151 Ind.App. 435, 280 N.E.2d 81, condemned the appearance of bias even where an assistant city attorney is employed, stating “(n)or do we think the basic problem was solved in Guido’s ease (Guido was a police officer brought before the appropriate board in a similar proceeding) by the injection of the assistant city attorney as counsel, while the city attorney proceeded to participate in the determination.” [Stewart ], 261 Ind. at 681, 310 N.E.2d at 71.
Jefferson, 411 N.E.2d at 154 (emphases and some citations omitted).
In Rynerson, our Indiana Supreme Court noted the “inquiry into whether the arrangement before us violates due process is subject to the presumption that the members of the board are persons of conscience and intellectual discipline, capable of judging the particular controversy fairly and will act with honesty and integrity.” 669 N.E.2d at 968 (internal quotation omitted). We acknowledge that presumption. But the inquiry is also subject to
a realistic appraisal of psychological tendencies and human weaknesses as to whether an administrative body adjudicating a matter in which an individual who sits as a member of the board in other matters poses such a risk of actual bias or prejudgment[2] that the practice must be forbidden if the guarantee of due process is to be adequately implemented.
[[Image here]]
[I]t is appropriate to take into account concerns about the practical operation of administrative agencies, including their variety, complexity, and flexibility, when analyzing whether their administrative mechanisms violate due process.
Id. (emphasis and footnote added) (internal quotations and citations omitted).
The Rynerson Court found jio due process violation when the city attorney served on the City of Franklin Board of Public Works and Safety. But there, the city attorney recused himself from the board in order to represent the city in the disciplinary proceedings against Rynerson. The city attorney could participate as a member of the Board as long as he did not participate in the proceedings before it. Id. at 970.
The city attorney’s recusal from the board in order to serve as the city’s advocate in Rynerson makes Rynerson inappo-site to the case before us, and Jefferson controls. We must accordingly hold Torres’ due process rights were violated where an assistant city attorney argued the case against Torres before a board on which the city attorney participated as a member. We reverse the trial court’s order.
Reversed.
VAIDIK, C.J., concurs.
RILEY, J., dissents with separate opinion.

. Because we reverse on that ground, we need not address Torres' other allegations of error.

. The dissent correctly notes Torres does not "point to any evidence ... establishing the city attorney’s actual bias or prejudice.” (Op. at 912.) But Rynerson does not require Torres to provide evidence of actual bias or prejudice. Rather, Rynerson instructs us to consider whether the makeup of the board "poses such a risk of actual bias or prejudgment that the practice must be forbidden!.]” 669 N.E.2d at 968 (emphasis added). In the case before us, as in Stewart, "the appearance of bias arising from the duality in this case overshadows the actualities, whatever they may be, to such extent as to invalidate the proceedings.” 261 Ind. at 680, 310 N.E.2d at 70 (emphasis added).