RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s conclusion, reversing the trial court’s decision on the ground that Torres “did *911 not have the benefit of an impartial decision maker in the proceeding” before the Board. Op. p. 908. Focusing on the membership of the Board, which consisted of the city controller, the city engineer, and the city attorney, the majority decided that in line with City of Hammond v. State ex rel. Jefferson, 411 N.E.2d 152 (Ind.Ct.App.1980), a city attorney may not sit on a decision-making board while the assistant city attorney[3] acts as prosecutor for the city. I do not find Jefferson to be controlling of the case at bar.
As noted by the majority, due process requires a neutral, unbiased, or adjudicatory decision-maker. Rynerson v. City of Franklin, 669 N.E.2d 964, 967 (Ind.1996). Scholars and judges consistently characterize the provision of a neutral decision-maker as one of the three or four core requirements of a system of fair adjudicatory decision-making. Id. Our supreme court first confronted the due process requirement of a neutral decision-maker in City of Mishawaka v. Stewart, 261 Ind. 670, 310 N.E.2d 65 (1974), where a city firefighter faced disciplinary charges before the city’s public works and safety board. Concluding that it was “imperative that a strict test of impartiality be applied to the factfinding process,” the court found that it was improper for the Mishawaka city attorney both to prosecute the disciplinary complaint against the firefighter and chair the board responsible for adjudicating guilt and imposing sanctions. Id. at 69. Building on this principle, we held In Jefferson that a fair hearing is not provided when an assistant city attorney represents the city in a hearing in which the city attorney sits as a decision-making member of the public works and safety board. Jefferson, 411 N.E.2d at 153.
Although both Jefferson and Stewart concerned firemen disciplinary hearings, our supreme court revisited these principles and adopted them for other administrative decision-makers in adjudicative proceedings in Rynerson. The majority determined Rynerson inapposite because of the city attorney’s recusal from the board in order to serve as the city’s advocate; however, in its haste to disregard the case, the majority ignores Rynerson’s broader question in which our supreme court evaluated “whether it is constitutional for a member of an administrative body to serve as an advocate or prosecutor before the body in a certain type of adjudicative proceeding so long as the member does not participate in any such adjudicative proceeding.” Id. at 967.
Relying on Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the Rynerson court formulated a two-step inquiry applicable to the analysis of whether a combination of the prosecutorial or advocacy function and the adjudicative function in the same administrative decision-makers violates due process. Commencing from the presumption that “the members of the board are persons of conscience and intellectual discipline, capable of judging the particular controversy fairly and will act with honesty and integrity,” the combination of functions must be subject to
a realistic appraisal of psychological tendencies and human weaknesses as to whether an administrative body adjudicating a matter in which an individual who sits as a member of the board in other matters poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of *912 due process is to be adequately implemented.
Id. at 968 (citing Withrow, 421 U.S. at 55, 95 S.Ct. 1456) (emphasis added).
The second step of the inquiry is more practical and focused on “concerns about the practical operation of administrative agencies, including their variety, complexity, and flexibility, when analyzing whether their administrative mechanisms violate due process.” Rynerson, 669 N.E.2d at 968.
Giving due consideration to the presumption of honesty, integrity, and conscientiousness, I find that the present situation is free from an appearance of impropriety as Torres fails to point to any evidence — besides the city attorney’s mere presence on the Board — establishing the city attorney’s actual bias or prejudice.[4] Nor was there any actual bias or prejudice on the part of the two other participating members of the Board.[5]
Moreover, turning to the practical step of the Rynerson inquiry and considering whether the city attorney could “easily” be replaced from the Board, our supreme court pointed out in Rynerson, that a city’s board of public works and safety
is responsible for an enormous amount and variety of city business. The board supervises the streets, alleys, sewers, public grounds and other property of the city and is responsible for their repair and condition. It is responsible for the custody and maintenance of all real and personal property of the city and designs, orders, contracts for and executes the construction of all buildings and other structures needed for public purposes and all work required to improve or repair any real or personal property owned or used by the city. The board has substantial condemnation, rental and purchase powers, authority to build, alter and maintain drains and severs, and responsibility for refuse removal As can be seen from this partial list, much of this work will require the assistance of the city attorney....
Id. at 969-70.
Therefore, as the proceeding in the instant case involved the repair and demolition of an uninhabitable residence, the city attorney could participate in the hearing as a member of the Board. Absent some demonstrable actual bias, I cannot conclude that Torres’ due process rights were violated. I would affirm the trial court’s decision in every respect.

. It should be noted that, in this instance, the assistant city attorney was an outside or contract counsel. However, I.C. § 36-4 — 9-12 states that "Officers, departments, boards, commissions, and other agencies of the city may not employ attorneys without the authorization head of the department of law.”

. It should be noted that due process itself does not prohibit the city attorney from serving on a three-member administrative board, while his assistant city attorney is serving as a prosecutor. In fact, as pointed out in Ryner-son, Withrow flatly rejected this proposition: "It is also very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings and then to participate in the ensuing hearings. This mode of procedure ... does not violate due process of law.” Rynerson, 669 N.E.2d at 969 n. 3 (citing Withrow, 421 U.S. at 56, 95 S.Ct. 1456).

. As such, I find it curious that Torres did not allege a due process violation because of the city engineer’s membership on the Board. As city engineer, he was necessarily closely aligned with the building commissioner, the housing inspectors, and the Hammond Inspections Department who condemned Torres' property to demolition and whose evidence the Board considered in reaching its decision.